```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CR3087 |
| | ) | |
| v. | ) | |
| | ) | |
| JEREMY RANDOLPH, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

### INTRODUCTION

Pending before me is the defendant's second request to file a late notice of insanity defense and the parties' dispute over whether, when, and to what extent the government is entitled to review the defendant's expert witness's report of his psychiatric evaluation of the defendant.

### BACKGROUND

The defendant filed his first Notice of Insanity Defense and Request to File Out-of-Time, filing 33, on February 22, 2005. The government's response to filing 33 argued: 1) defendant has not shown sufficient cause to justify his untimely notice of insanity defense; 2) has not provided the government with a copy of his expert's evaluation report despite the government's request; and 3) if the defendant is permitted to file a late notice of insanity defense, then the government is entitled to an order requiring the defendant to undergo a mental evaluation by the Bureau of Prisons.  Filing 42.  The defendant, in turn, argued that it took time to obtain a thorough psychiatric evaluation, which was a necessary step in deciding whether to assert an insanity defense; the government is not entitled to a copy of the report of defendant's psychiatric expert until after

the government conducts its own mental health examination of the defendant; and confining the defendant within the Federal Bureau of Prisons in order to obtain a mental examination, when he is currently not detained pending trial, is improper and will impose substantial hardships on the defendant.  Filing 45.

In response to these filings, I denied the defendant's motion to file a notice of insanity defense out-of-time because the defendant had failed to submit any evidence supporting the possibility that he may prevail on his insanity defense.  However, I denied the motion without prejudice, thereby allowing the defendant to re-file the motion with proper evidence.  I further held that placing the defendant in the Bureau of Prisons' custody to accommodate the government's mental examination of the defendant was improper.  Filing 49.

The defendant filed a second notice of insanity defense and in the body of that notice, identified the defense's psychiatric expert witness as Dr. Bruce Gutnick and stated he would rely on this expert's testimony to present his insanity defense at trial. The defendant also provided the court, ex parte, with a copy of the expert's report of defendant's psychiatric evaluation and specifically requested that the court not disclose the report to the government until after the government's own evaluation of the defendant was complete.  Filing 50.

In response to filing 50, the government "most strenuously requests that the defendant be ordered to comply with Rule 16(b)(1)(B) and to forthwith provide to the government all results and reports of the defendant's mental examination."  The government argues that where the expert testimony will be offered to prove an insanity defense, as opposed to sentencing in a capital case, Rule 16 does not permit the defendant to delay

2

disclosure of the expert report until after the government has completed its own evaluation.  The government claims it needs the report to decide if it needs an expert, to prepare for cross-examination of the defendant's expert, and to determine if the defendant has shown cause for filing the notice late.  Filing 51.  The defendant acknowledges there is little case law, if any, addressing the timing of disclosing the opinions of the defendant's expert in the context of the insanity defense.  The defendant argues, however, that a delayed disclosure is warranted because "the government's examination of the defendant should be conducted in a manner that is completely uninfluenced by any examination already conducted" by the defendant's expert.  Filing 54.

   1.   Cause for Filing a Late Notice of Insanity Defense.

   The initial issue is whether the defendant has presented a sufficient showing of cause for filing a late notice of insanity defense.  As my previous order stated, the defendant must provide (1) an explanation for the late filing and (2) some evidence that the asserted defense may prevail.  Filing 49 at p.1 (citing Government of the Virgin Islands v. Knight, 989 F.2d 619, 628 (3d Cir. 1993); United States v. Weaver, 882 F.2d 1128, 1136 (7th Cir. 1989); (United States v. Duggan, 743 F.2d 59,80 (2d Cir. 1984)).  The defendant has explained that seeking and obtaining a psychiatric evaluation takes time, and the record indicates the court and government were formally notified that the defendant would raise the insanity defense promptly after the defendant received Dr. Gutnick's expert report.  Informally, both the government and the court were aware for some time that the defendant was pursuing evidence in support of the insanity defense.  As I previously stated, the defendant has presented

evidence to explain why his notice of insanity defense was filed late.

In support of the second element of the required good cause showing, the defendant has provided the court, but not the government, with a copy of Dr. Gutnick's report.  From my review of that report, it appears the defendant has presented some evidence to support his insanity defense.  The government argues, however, that it is entitled to respond to the defendant's request to file a late notice of insanity defense but it cannot do so without seeing the evidence the defendant provided to the court.  This point is well taken.  It is inherently unfair for the court to rule on a matter with argument and evidence from only one party, in the absence of exceptional circumstances.

To move this case along and past this circling issue, I shall therefore, preliminarily, rule that the defendant has presented a threshold showing to permit the late filing of a notice of insanity defense.  This preliminary ruling is subject to the government's right to challenge the ruling when and if it is entitled to and receives a copy of Dr. Gutnick's report.

    2.   <u>Timing of Disclosure of Defense Expert Opinions</u>.

As to the disclosure of the defense's expert report, the parties have advanced "all or nothing" arguments--the government wants Dr. Gutnick's entire report now; but absent a court order, the defendant will provide nothing but the expert's name until the government's own expert evaluation is complete.

If the expert report at issue in this case dealt with capital sentencing considerations, the defendant's argument would

be supported by the Federal Rules of Criminal Procedure.  Rule 12.2(c)(3) provides that the defendant must disclose expert reports it intends to offer during the sentencing phase of a capital crime **after** the defendant is found guilty and the government has disclosed the results and reports of its mental examination of the defendant.  The defendant argues, however, that Rule 12.2(c)(3) should also be applied to mental evaluations supporting the defendant's notice of insanity defense made under Rule 12.2(a).  I reject that position for several reasons.

    First, the text and structure of Rule 12.2 excludes the interpretation urged by defendant.  Subsection (c) is entirely devoted to the conduct of mental examinations.  Subpart (1) provides procedures for how those examinations are to be ordered.  Competency examinations are provided for in subpart (c)(1)(A).  Examinations for the insanity defense (as per Rule 12.2(a)) are described in subpart (c)(1)(B), and those for diminished capacity and capital sentencing issues are also provided for in subpart (c)(1)(B).  Subpart (c)(2) refers only to those Rule 12.2(b) notices pertaining to capital sentencings, and consistent with the Fifth Amendment, prohibits prosecutors from using the defendant's mental evaluation secured for sentencing purposes only (including defendant's potentially incriminating statements made in the evaluation process) during the guilt phase of the trial.  See Powell v. Texas, 492 U.S. 680 (1989); Buchanan v. Kentucky, 483 U.S. 402 (1987); Estelle v. Smith, 451 U.S. 454, 461-69 (1981).  Subpart (c)(3) provides further procedures pertaining only to use of mental examinations in capital sentencings.  The only reference to Rule 12.2(a) in subsection (c) is in Subpart (c)(1)(B), and it is complete without any further explanation; in other words, by adopting the statutory scheme of 18 U.S.C. §4242, the drafters eliminated any need for

additional procedures, since the same constitutional issues do not arise as those in the sentencing context.

Second, the advisory committee's notes for Rule 12.2 confirm this interpretation.  Except as applied to mental evaluations secured for capital sentencing proceedings, Rule 12.2 "does not address the time for disclosing results and reports of any expert examination conducted by the defendant."  F.R.Crim.P. 12.2, Advisory Committee notes, 2002 amendments.

Third, defendant's argument is not consistent with other disclosure rules.  The advisory committee notes for the 1993 amendments to Rule 16's reciprocal discovery provisions state that "[a]lthough no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion."  Rule 16(b)(1)(C) requires that a written summary of any testimony the defendant intends to offer in support of a noticed insanity defense must be provided to the government at its request, but it does not state when that summary must be provided.

Federal Rule of Criminal Procedure 57(b) provides:

> **Procedure When There Is No Controlling Law**.  A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district.

F.R.Crim.R. 57(b).

> The Federal Rules of Criminal Procedure "are more regulators than creators of authority.  Absent their provisions, there remains the twin grants from the Constitution and the Congress of judicial power which can be exercised by a district judge 'Except as otherwise provided by law, or rule or order of court

>      ...' 28 U.S.C. § 132(c).  Accordingly, it is inaccurate
>      to assert that, absent the explicit mention of a given
>      procedure in the Rules or Acts of Congress, a district
>      court lacks authority to require a given procedure in a
>      particular case."

<u>United States v. Michel-Diaz</u>, 205 F. Supp. 2d 1155, 1157 (D. Mont. 2002)(quoting <u>United States v. Jackson</u>, 374 F. Supp. 168, 174 (N.D. Ill. 1974)(rev'd on other grounds, 508 F.2d 1001, 1006 (7th Cir. 1975)).

The 1993 amendments to Rule 16 of the Federal Rules of Criminal Procedure added subdivisions (a)(1)(E) and (b)(1)(C) which require advance disclosure of expert opinions "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and . . . provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination."  F.R.Crim.P. 16, Advisory Committee notes, 1993 amendments.  In this case the defendant argues either for simultaneous disclosure of expert reports, or, in essence, that the procedural structure of requiring the government to first disclose its evidence (see Rule 16(a)), followed by reciprocal disclosure by the defendant (see Rule 16(b)) should be adopted in not only capital sentencing proceedings (see Rule 12.2 (b)(2) & (c)), but also with respect to expert disclosures related to an insanity defense.  I disagree.

A notice of insanity defense and the disclosure requirements related to it are clearly distinguishable from disclosures related to capital sentencing.  In capital sentencing proceedings, the government bears the initial burden of proof and the defendant may respond with mitigating evidence.  Consistent with the purpose and mechanism of Rule 16 (a)(1)(E) and (F), Rule

7

12.2(b)(2)(c) provides that if the government intends to offer expert mental evaluations during the capital sentencing portion of the case wherein it has the burden of proof, it must disclose this evidence to the defendant first.  The government's disclosure triggers the defendant's obligation of reciprocal disclosure.  In contrast, the defendant has the burden of proving the insanity defense.  18 U.S.C. § 17(b).  As to this issue, as set forth by Rule 16 (b)(1)(B) and (C)(ii), at the government's request, the defendant is required to produce its evidence, thereby allowing the government an opportunity to respond.

The government need only respond to the issues the defendant intends to raise through his expert testimony.  Therefore, the defendant's expert disclosure should occur before the government is required to retain an expert or disclose its own expert evaluation; the government is entitled to know what precise mental health issues have been raised so it can decide whether to respond with its own expert evaluation and, if it chooses to retain an expert, can target its response to only those issues the defendant intends to advance at trial.

Unlike the issue of competency, where the parties do not advocate a position but share equally in the responsibility for assuring the defendant is competent to stand trial, the merit and application of the insanity defense relies on the adversary process.  The defendant is not entitled to withhold his expert's opinions and "wait and see" if the government's mental health expert raises new defenses or issues that may be favorable to the defendant.  Nor is the defendant entitled to withhold his expert's opinions, and thereby require the government and its expert to respond to all possible mental health diagnoses that may have been raised by the defendant's expert in the hope of

actually addressing the one or two which actually support the defense expert's opinion.

      3.    <u>Extent of Disclosure</u>.

The remaining question is whether the government is entitled, at this time, to the expert's entire report rather than a written summary of the expert's anticipated testimony.  See F.R.Crim.P. 16(b)(1)(C)(2).  The defendant states he will ultimately give the psychiatric examination report to the government, but wishes to withhold the report now so that the government's expert evaluation is completely uninfluenced by the examination already performed.  Filing 54 at 3-4.

While I am not convinced by this argument, I do conclude the report itself should not be released to the government at this time.  Upon review of Dr. Gutnick's report, I note that the majority of his report sets forth statements made to the doctor by the defendant.  These examination statements, and the expert opinions relying on those statements, are not admissible at trial unless the defendant actually pursues his insanity defense.  See F.R.Crim.P. 12.2(c)(4).  He may withdraw the defense at any time, and if he does, even the fact that the defense was raised and withdrawn is not admissible at trial.  See F.R.Crim.P. 12.2(e).  The underlying reason for Rule 12.2(c) is to protect the defendant's Fifth Amendment right against self-incrimination. F.R.Crim.P. 12.2, Advisory Committee notes, 1975 Enactment and 1983 amendments.

Moreover, while Rule 16(b)(1)(B) provides that mental examination reports must be disclosed by the defendant if the government has disclosed its expert reports, Rule 16(b)(1)(C)(ii) is specifically applicable to expert disclosures where the

<u>defendant</u> has raised his mental condition as a defense.  If the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony concerning his mental condition, the defendant must, if requested, provide a summary of that testimony which describes the "witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." F.R.Crim.P. 16(b)(1)(C)(ii) and advisory notes to its 1997 amendments.  Disclosure of the full report is not mentioned in Rule 16(b)(1)(C)(ii).[1]

The court retains the authority to defer or regulate discovery in every case.  See F.R.Crim.R 16(d)(1).  Mindful of the specific factual background of this case, the content of Dr. Gutnick's report, and the defendant's ability to withdraw his notice of insanity defense at any time, and balancing that background against the government's right to disclosure under Rule 16(b)(1)(C)(ii), I conclude that at this time, the defendant must provide the government with a written summary that includes:

1)   Dr. Gutnick's credentials and qualifications;
2)   A statement of each opinion he has reached regarding the defendant's mental condition at the time of the alleged offense, including any and all diagnoses he reached.

---

[1] It is unclear whether Rule 16(b)(1)(C)(ii) complements or replaces Rule 16(b)(1)(B) as applied to the specific facts of this case; that is, I have found no law stating whether a defendant who has received the government's expert reports on issues unrelated to mental examinations but who himself possesses an expert report of a mental examination (see Rule 16(b)(1)(B)) can withhold that report and provide only a summary (Rule 16(b)(1)(C)(ii)), or whether the defendant must provide both the report and any additional information required as part of the summary.  I need not resolve the issue at this time.

In deference to the defendant's argument that disclosure of all of Dr. Gutnick's actions, such as test performed, for example might taint the objectivity of any examination conducted by a government expert, I shall not, at this time, require disclosure of the "reasons for the opinions," nor the "written and oral reports, tests, reports, and investigations and [any] information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including the opinions of other experts."  Adv. Comm. Note to 1993 Amendments to Rule 16. In the event the defendant does not withdraw the notice and Dr. Gutnick is expected to testify, the government will be entitled to that information well before trial.

IT THEREFORE HEREBY IS ORDERED:

1. On or before May 6, 2005, the defendant's counsel shall provide to plaintiff's counsel a written report containing:

   a) Dr. Gutnick's credentials and qualifications; and

   b) A statement of each opinion he has reached regarding the defendant's mental condition at the time of the alleged offense, including any and all diagnoses reached.

2. Within ten business days following the defendant's disclosure required by paragraph 1, above, plaintiff's counsel shall file with the court a statement disclosing whether the plaintiff seeks an examination of the defendant pursuant to 18 U.S.C. § 4242, and if so, its estimate of the time necessary for its expert to conduct a non-custodial examination.  Plaintiff's request for a commitment of the defendant for a custodial examination at a medical center for federal prisoners, is denied.

3. In the event the plaintiff's filed statement indicates the plaintiff will seek an examination pursuant to 18 U.S.C. § 4242, and that examination is conducted, the examiner shall prepare a report and provide it to

plaintiff's counsel. Plaintiff's counsel shall, in turn, promptly provide to defendant's counsel a "written summary" of the examiner's qualifications and the information described in paragraph 1 above. Defendant's counsel shall have five working days thereafter to determine whether defendant will withdraw his notice of defense of insanity and file a statement of such decision with the court.

- a. If the notice is withdrawn, no further disclosures by any party will be required, and the case will be set for trial.

- b. If the notice is not withdrawn, plaintiff and defendant shall thereupon provide copies of their respective expert's full reports to opposing counsel. Such reports shall include the information described in paragraph 1, above, as well as the reasons and bases for the experts' opinions, including "written and oral reports, tests, reports, and investigations and [any] information that might be recognized as a legitimate basis for an opinion under Federal Rule of Evidence 703, including the opinions of other experts."

4. In the event the plaintiff's filed statement indicates the plaintiff will not seek an examination pursuant to 18 U.S.C. § 4242, the defendant shall have five working days thereafter to determine whether defendant will withdraw his notice of defense of insanity and file a statement of such decision with the court. The case will then be set for trial. If the notice of insanity defense is not withdrawn, the defendant shall disclose the full report prepared by Dr. Gutnick at least three weeks before trial. If the notice is withdrawn, no further disclosure need be made.

DATED April 22, 2005

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge