IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:04CR3087 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JEREMY RANDOLPH, | ) | |
| | ) | |
| Defendant. | ) | |

The government objects (in reality, appeals) from Judge Piester's decision (filing 57) to deny the government access to the bases for a defense expert's opinion that the defendant was insane. I will sustain the government's objection, reverse that portion of the decision appealed from, require the defense to provide the government with the information it seeks, and remand this matter to Judge Piester for entry of a new order.

Since the defendant has given notice of insanity and the intention to call a psychiatrist to give testimony in support of that claim (e.g., filing 50), and since this is not a death penalty case, the "<u>defendant must</u>, at the government's request, <u>give</u> to the government <u>a written summary</u> of any testimony that the defendant intends to use under" the Rules of Evidence governing experts and such "<u>summary must describe</u> the witness's opinions, <u>the bases and reasons for those opinions</u>, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C)(ii) (emphasis supplied.) Thus, to the extent that Judge Piester refused at this time to order the defendant to provide the "bases and reasons for the opinion," I respectfully conclude that Judge Piester erred. Once the Rule was triggered, the plain words require the full disclosure the government seeks.

Thus, the defendant's concern about tipping off or otherwise influencing the government's expert is simply irrelevant. But, even if the argument was not legally irrelevant, it disregards the fact that psychiatrists are professionals who are trained to make independent judgments. Thus, there is no good reason to think that one psychiatrist will be improperly influenced by the views of another psychiatrist.

In fact, without disclosure of the first psychiatrist's reasoning, the second psychiatrist can only guess at why the presumptively sane defendant was thought to be otherwise. This creates unnecessary problems. For example, if the first psychiatrist believed the defendant was insane because an MRI revealed a lesion that impinged upon the frontal lobe of the brain, it makes no sense to deny that information to the second psychiatrist who might be able to quickly verify the finding of the first psychiatrist without spending unnecessary time and money running unneeded tests. In short, there is no good reason to require guesswork on the part of the second psychiatrist, and the resulting unnecessary consumption of time and effort that such guesswork entails.

To be clear, in this appeal, I do not understand the government to seek, and, even if it did, I would not now order, the production of the raw report submitted to defense counsel by the defense psychiatrist. As Judge Piester implied, production of such a report may be required at a later time. For now, however, what the government is entitled to under the Rule is a full and complete summary that provides, among other things, the "bases and reasons" for the psychiatrist's opinion.[1]

IT IS ORDERED that the government's appeal (filing 59) is sustained as provided herein and otherwise denied, and the decision appealed from (filing 57) is reversed as it regards the nature of the summary. This matter is remanded to Judge Piester with directions to issue a new order requiring the defense to provide the required summary; the summary must "describe the witness's opinions, the bases and reasons for those opinions, and the witness qualifications." To the extent the government otherwise challenges Judge Piester's decision (filing 57), the appeal (filing 59) is denied. The Clerk of the Court shall promptly bring this memorandum and order to the attention of Judge Piester.

May 31, 2005.   BY THE COURT:

*s/Richard G. Kopf*
United States District Judge

---

[1] The defense would be well advised not to "hide the ball" when preparing the summary.